**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PATRICIA RABIDEAU,

        Appellant,

      v.

DEPARTMENT OF THE ARMY,

        Agency.

DOCKET NUMBER
DC-0432-13-1521-X-1

DATE: August 31, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Miranda R. McCoy</u>, Pinehurst, North Carolina, for the appellant.

<u>Michael J. McHugh</u>, Fort Bragg, North Carolina, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant filed a petition to enforce her settlement agreement with the agency, which was executed on May 13, 2014. *Rabideau v. Department of the Army*, MSPB Docket No. DC-0432-13-1521-C-1, Compliance File (CF), Tab 1. The settlement agreement resolved the appeal of her placement on a performance

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

improvement plan and ultimate reassignment and reduction in grade. *Rabideau v. Department of the Army*, MSPB Docket No. DC-0432-13-1521-I-1, Initial Appeal File (IAF), Tab 19, Initial Decision. The case was dismissed by an administrative judge as settled by initial decision dated May 29, 2014. *Id.* In response to the petition for enforcement, the administrative judge issued a compliance initial decision on February 20, 2015, finding the agency in partial noncompliance with the terms of the settlement agreement. CF, Tab 9, Compliance Initial Decision (CID). Specifically, the administrative judge found that the agency had not satisfied the settlement agreement's requirement that the agency "conduct a review of the occupational health processes with respect to employee safety." CID at 3.

¶2      The agency submitted a narrative response challenging the compliance initial decision, which stated that Lieutenant Colonel S.B. had reviewed the entire occupational health clinic program upon her assumption of duties as Deputy Chief of the Occupational Health Clinic in July 2014, and had made several changes to the department as a result. *Rabideau v. Department of the Army*, MSPB Docket No. DC-0432-13-1521-X-1, Compliance Referral File (CRF), Tab 1. The appellant responded, asserting that this review was conducted prior to the administrative judge's compliance order, and thus did not satisfy the requirements of that order. CRF, Tab 3.

¶3      The Board issued an order on May 8, 2015, directing the agency to submit evidence that it had conducted a review of occupational health processes, with a specific focus on employee safety, and that it had implemented any recommended changes resulting from that review. CRF, Tab 4 at 2.

¶4      The agency submitted a response on June 5, 2015, describing two independent audits of the Occupational Health Clinic in fiscal year 2015. CRF, Tab 6 at 4. The agency stated that the audits identified several safety deficiencies and occupational health deficiencies, which have since been corrected. *Id.*

¶5 The appellant responded on June 22, 2015, arguing that the agency's reviews were inadequate to address all of the employee safety concerns targeted in the settlement agreement. CRF, Tab 7 at 4. The appellant further argued that some of the evidence submitted by the agency predates the settlement agreement, and requested that the agency be sanctioned for noncompliance. *Id.* at 7-8.

¶6 We find that the agency has submitted evidence to establish that it conducted a "review of the occupational health processes with respect to employee safety" as required by the language of the settlement agreement. IAF, Tab 18 at 3.

¶7 For the foregoing reasons, we find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).   You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.